UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| CALVIN DAYLON GEORGE | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 4:05-cv-024 |
| | ) | 4:03-cr-037 |
| | ) | *Collier* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

Petitioner Calvin Daylon George ("George") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Clerk is DIRECTED to serve a copy of the motion and this Memorandum and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

George pleaded guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846. By judgment entered on March 12, 2004, he was sentenced to a term of imprisonment of 70 months; his sentence included a six-level increase in his base offense level because of the presence of a child during the offense. George now alleges his enhanced sentence is invalid pursuant to the U.S. Supreme Court decisions in *Apprendi v. New Jersey*,

530 U.S. 466 (2000), as extended by *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005).

In *Apprendi*, the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id*. at 490. George was subject to a term of imprisonment of not more than 20 years, as provided in 21 U.S.C. § 841(b)(1)(C). George was sentenced to a term of imprisonment of 70 months, his sentence did not exceed the statutory maximum penalty, and therefore *Apprendi* was not implicated in his sentencing. George is not entitled to relief on this claim. To the extent George alleges *Apprendi* is applicable based upon the *Blakely* decision, there is no reason to apply *Blakely* retroactively to a § 2255 motion such as petitioner's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004)

In addition, any claim George may have pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *Booker*, which applied the reasoning in *Blakely* to the federal sentencing guidelines. In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker*, 125 S. Ct. at 769. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the

2

past.'" *Id*. The Sixth Circuit has, in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

It plainly appears from the face of the motion and the prior proceedings in the case that George is not entitled to relief in this court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** George leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE. George having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER**.

> **/s/**
> **CURTIS L. COLLIER**
> **UNITED STATES DISTRICT JUDGE**